■ In the Matter of DEVON W. and Another, Infants. CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HENRY S., Appellant, et al., Respondent. [779 NYS2d 690]—

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered May 22, 2003 in a proceeding pursuant to Family Ct Act article 10. The order adjudged that the children of respondent Lisa W. are neglected and provided that respondent Henry S. have no contact with the children.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding alleging that respondents had neglected the two children of respondent Lisa W. We reject the contention of Henry S. (respondent) that he was not a "person legally responsible" for the care of the children within the meaning of Family Ct Act § 1012 (g). Respondent lived with the children and Lisa W. and acted as the "functional equivalent of a parent" (*Matter of Yolanda D.*, 88 NY2d 790, 796 [1996]; *see Matter of Nichole SS.*, 296 AD2d 618, 618-619 [2002]; *Matter of Johnnie S.*, 272 AD2d 472, 473

[2000]). We also reject the contention of respondent that the record is insufficient to establish that he neglected the children. The record establishes that respondent used excessive corporal punishment on one of the children on at least one occasion and that the children were subjected to an environment of alcohol and substance abuse and domestic violence (*see Matter of Michael G.*, 300 AD2d 1144 [2002]; *Nichole SS.*, 296 AD2d at 619). Petitioner thus established by a preponderance of the evidence that the children's "physical, mental or emotional condition[s have] been impaired or [are] in imminent danger of becoming impaired" (Family Ct Act § 1012 [f] [i]). Present—Pigott, Jr., P.J., Gorski, Martoche, Lawton and Hayes, JJ.