In the Matter of SHEENA D. and Others, Infants. NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DARWIN F., Appellant. [811 NYS2d 835]—

Appeal from an order of the Family Court, Niagara County (John F. Batt, J.), entered September 13, 2004 in a proceeding pursuant to Family Court Act article 10. The order adjudged that Chase F. and Vincent F. are neglected children and Sheena D. is an abused child.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order of fact-finding and disposition finding that he abused his 16-year-old sister-in-law when she resided with respondent and her sister during a four-month period and that he neglected his sons. Respondent also challenges orders of protection that were incorporated in the order on appeal, which ordered him to stay away from his sons until their 18th birthdays. Contrary to the contention of respondent, the evidence establishes that he was a person legally responsible for the care of his sister-in-law during the four months in which she resided with respondent and her sister, i.e., he acted as the functional equivalent of a parent with respect to her (see Family Ct Act § 1012 [g]; Matter of Rebecca X., 18 AD3d 896, 898 [2005], lv denied 5 NY3d 707 [2005]; Matter of Devon W., 9 AD3d 830 [2004]; see generally Matter of Yolanda D., 88 NY2d 790, 795-796 [1996]). Contrary to the further contention of respondent, petitioner established by a preponderance of the evidence that he abused his sister-in-law and neglected his sons (see Family Ct Act § 1046 [b] [i]). The sister-in-law testified that respondent had sex with her while she lived with him, and respondent also testified that he had sex with her. The child was therefore an abused child within the meaning of section 1012 (e) (iii). The abuse by respondent of his sister-in-law "demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his] care" (Matter of Daniella HH., 236 AD2d 715, 716 [1997]), and thus we further conclude that the finding of derivative neglect of respondent's sons is supported by a preponderance of the evidence (see Matter of Rico D., 19 AD3d 416 [2005]; Matter

*of Ramsay M.*, 17 AD3d 678, 679 [2005]). Moreover, petitioner presented evidence that respondent kept a loaded shotgun in an area accessible to his sons, thus further supporting the finding that respondent neglected his sons (*see Matter of Nicole H.*, 277 AD2d 380, 381 [2000]).

We agree with respondent that Family Court failed to comply with Family Court Act § 1052 (b) (i) by failing to state the grounds for its disposition in the order. The error is harmless, however, because the court set forth those grounds in its underlying decision and there thus was no prejudice to respondent (*see Matter of Jasmine N.*, 15 AD3d 491 [2005]; *Matter of Aishia O.*, 284 AD2d 581, 584 [2001]). We further agree with respondent that the court failed to comply with Family Court Act § 1051 (e) by failing to make a finding of "the specific sex offense" committed by respondent. Nevertheless, this Court may make the necessary finding (*see Matter of Christina A.*, 216 AD2d 928 [1995]; *Matter of Ashley AA.*, 212 AD2d 937, 938 [1995]), and we do so here. The record before us contains the plea minutes of the criminal proceeding in which respondent pleaded guilty to rape in the third degree, and the record therefore supports the finding that respondent violated Penal Law § 130.25 (2) (*see Christina A.*, 216 AD2d at 928-929). Respondent failed to show any prejudice arising from the court's error in failing to comply with Family Court Act § 1051 (e), and thus we deem that error harmless (*see Ashley AA.*, 212 AD2d at 939).

We reject the further contention of respondent that the court lacked the authority to issue the orders of protection that ordered him to stay away from his sons until their 18th birthdays. Although respondent is correct that Family Court Act § 1056 (4) does not apply here because he was the father of the boys (*see Matter of Cayuga County Health & Human Servs. v Dennis E.M.*, 303 AD2d 1053, 1054 [2003]), the court nevertheless had the authority to issue the orders of protection pursuant to Family Court Act § 1056 (1). An order of protection issued pursuant to section 1056 (1) "shall expire no later than the expiration date of, and may be extended with, such other order made under this part," and here the order of fact-finding and disposition has no expiration date. We thus reject respondent's contention that the court lacked the authority to issue the orders of protection for the specified duration set forth therein. We further reject the contention of respondent that the court in effect terminated his parental rights (*see Matter of Esther CC.*, 194 AD2d 949, 951-952 [1993]; *Matter of Erin G.*, 139 AD2d 737, 739-740 [1988]). We have considered respondent's

remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Scudder, Kehoe, Green and Hayes, JJ.