[863 NE2d 96, 831 NYS2d 92]

In the Matter of SHEENA D. and Others. NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DARWIN F., Appellant.

Argued January 4, 2007; decided February 13, 2007

## POINTS OF COUNSEL

*Alan P. Reed,* Canandaigua, for appellant. I. The appellate court erred in importing findings in a time frame beyond any ostensible period of appellant being a legally responsible person. (*Matter of Jasmine A.,* 18 AD3d 546; *Matter of Jessica S.,* 18 AD3d 562; *Matter of Koran C.,* 26 AD3d 328; *Di Simone v Good Samaritan Hosp.,* 100 NY2d 632; *Fidelity & Deposit Co. of Md. v Andersen & Co.,* 60 NY2d 693; *Matter of Ashley AA.,* 212 AD2d 937; *Matter of Christina A.,* 216 AD2d 928.) II. The Appellate Division overstates the record that grounds were stated in the record in supporting the orders of protection as the Court's disposition under Family Court Act § 1052 (b) (i). (*Matter of Jasmine N.,* 15 AD3d 491; *Matter of Ice S.,* 30 AD3d 428; *Matter of Crowell v Livziey,* 20 AD3d 923.) III. The Appellate Division erred in failing to apply the constitutional standards as set forth in *Santosky v Kramer* (455 US 745 [1982]) and *Matter of Tammie Z.* (66 NY2d 1 [1985]). (*Matter of Esther CC.,* 194 AD2d 949; *Matter of Erin G.,* 139 AD2d 737; *Matter of Sarah S.,* 9 Misc 3d 1109[A]; *Matter of Le Favour v Koch,* 124 AD2d 903; *Matter of Nassau County Dept. of Social Servs. v Denise S.,* 173 AD2d 830; *Matter of Walter K.,* 15 AD3d 404.) IV. The Appellate Division was in error to relieve itself and the lower court of the ruling in *Matter of Yolanda D.* (88 NY2d 790 [1996]) in applying factors to determine whether a person is a "legally responsible person." (*Matter of Jessica QQ.,* 200 AD2d 887; *Matter of Catherine G. v County of Essex,* 3 NY3d 175.)

*Thomas W. Scirto,* Lockport, for respondent. I. It was established that appellant was legally responsible for Sheena D. and had abused her. (*Matter of Yolanda D.,* 88 NY2d 790; *Matter of Tammie Z.,* 66 NY2d 1; *Matter of H. Children,* 276 AD2d 485; *Matter of Shaylee R.,* 13 AD3d 1106; *Matter of Nichole SS.,* 296 AD2d 618; *Matter of Mary Ellen P. v John R.,* 278 AD2d 750; *Matter of Emily PP.,* 274 AD2d 681; *Matter of Kimberly X.,* 133 AD2d 226; *Matter of Daniella HH.,* 236 AD2d 715; *Matter of Ramsay M.,* 17 AD3d 678.) II. Appellant was not prejudiced in Family Court failing to state the "specific sex offense" in its findings and failing to state grounds in its disposition. (*Matter of Jasmine N.,* 15 AD3d 491; *Matter of Jessica D.,* 208 AD2d 626; *Matter of Rachel G.,* 185 AD2d 382; *Matter of Christina A.,*

216 AD2d 928; *Matter of Ashley AA.,* 212 AD2d 937; *Matter of Nassau County Dept. of Social Servs. v Steven K.,* 176 AD2d 326.) III. Family Court had authority to issue the orders of protection for appellant's children until the boys reached the age of 18. (*Matter of Esther CC.,* 194 AD2d 949; *Matter of Chanel Monique L.,* 30 AD3d 424.)

*Jeffrey M. Harrington,* Lackawanna, Law Guardian. The Appellate Division acted within its authority when it made necessary findings in order to uphold a finding of neglect against appellant. (*Matter of Christine II.,* 13 AD3d 922; *Matter of Rebecca X.,* 18 AD3d 896, 5 NY3d 707; *Matter of Devon W.,* 9 AD3d 830; *Matter of Yolanda D.,* 88 NY2d 790; *Matter of Christina A.,* 216 AD2d 928; *Matter of Nichole SS.,* 296 AD2d 618; *Matter of Shaylee R.,* 13 AD3d 1106; *Matter of Mary Ellen P. v John R.,* 278 AD2d 750; *Matter of Emily PP.,* 274 AD2d 681; *Matter of Nicole OO.,* 262 AD2d 808.)

## OPINION OF THE COURT

CIPARICK, J.

In this appeal we are asked to decide whether, pursuant to article 10 of the Family Court Act, Family Court had the authority to issue orders of protection in favor of respondent father's children until they reached the age of 18, as the fact-finding dispositional order incorporating the orders of protection had no expiration date. We conclude that Family Court was without authority to set the duration of the orders of protection as it did.

The Department of Social Services (DSS) filed a petition under article 10 of the Family Court Act alleging that Darwin F. abused his 16-year-old sister-in-law, Sheena D., and neglected his biological sons, Chase F. and Vincent F.[1] After a fact-finding hearing, on June 21, 2004 Family Court made a finding of abuse as to Sheena based on the following: in late August 2002 then 16-year-old Sheena moved in with her sister Jessica and her brother-in-law Darwin, and while Darwin was responsible for Sheena, he had sexual intercourse with her at his residence and at a hotel room where the family lived for a short time. The court made a derivative finding of neglect as to Chase, who was present during the sexual abuse, and direct findings of neglect

---

1. The abuse and neglect petition likewise named Jessica F., Sheena's sister and mother of Chase and Vincent, as a corespondent. A separate fact-finding and dispositional hearing occurred on July 8, 2004, not the subject of this appeal.

as to both Chase and Vincent, as Darwin also kept a loaded shotgun in the residence that was accessible to both boys—a baby and a toddler.[2] After the dispositional phase of the hearing, Family Court, in an order dated September 7, 2004, awarded custody of the boys to the mother, imposing no conditions, and issued orders of protection, entered on June 25, 2004, ordering Darwin to have no contact with Chase or Vincent until their respective eighteenth birthdays—14 and 16 years later. No dispositional order was entered as to Sheena as she had reached her eighteenth birthday.

Darwin appealed to the Appellate Division contending, among other things, that Family Court lacked the authority to order him not to have contact with his sons until their eighteenth birthdays. The Appellate Division disagreed, and affirmed, holding that Family Court had the authority to issue the orders of protection since "the order of fact-finding and disposition ha[d] no expiration date" (27 AD3d 1128, 1129 [4th Dept 2006]). We granted leave to appeal and now modify by remitting to Family Court to establish appropriate expiration dates with periodic court review.

Family Court Act § 1056 provides that a "court may make an order of protection in assistance or as a condition of any other order made under this part" (Family Ct Act § 1056 [1]). The statute did not originally provide a temporal limitation for an order of protection; it provided only that an order of protection be made for a "specified time" (*see* L 1970, ch 962, § 9). In *Matter of Erin G.* (139 AD2d 737 [2d Dept 1988]), the Appellate Division sustained Family Court's issuance of an order of protection lasting until a child's eighteenth birthday. The Court found that the duration of the order of protection was "rather extensive" but that the statute contained "no specification as to the duration of such orders" (*id.* at 739).

In response, the Legislature in 1989 amended section 1056 (1) to add the current language that an "order of protection shall remain in effect concurrently with, shall expire no later than the expiration date of, and may be extended concurrently with, such other order made under this part" (*see* L 1989, ch 220,

---

2. In a separate criminal proceeding, Darwin pleaded guilty to rape in the third degree (Penal Law § 130.25 [2]) and attempted use of a child in a sexual performance (Penal Law §§ 110.00, 263.05). He admitted to having sexual intercourse with Sheena when she was 16 years old. His wife, Jessica, also pleaded guilty to use of a child in a sexual performance (Penal Law § 263.05), admitting to taking photos of her sister involved in sexual activity.

§ 1). As such, Family Court Act § 1056 (1) prohibits the issuance of an order of protection that exceeds the duration of any other dispositional order in the case (see Family Ct Act § 1052 [a]).

The legislative history of the 1989 amendment evinces the Legislature's intent to place a temporal limitation on all orders of protection issued pursuant to article 10 in order to effectuate periodic court review. The Assembly Memorandum in Support of the amendment cites with disapproval Family Court's ability to issue orders of protection of extended duration without court review, and specifically cites *Matter of Erin G.* as an example of what the bill was intended to prohibit (see also *Matter of Gabriel A.*, 5 Misc 3d 479, 482 [Fam Ct, Queens County 2004]). As the Assembly Memorandum states:

> "Other dispositional provisions of child protective proceedings have a limited duration and require a hearing for extension. Those provisions insure periodic court review of the need for extension, compliance with the order, and the progress of the family. Since an order of protection may exclude a parent from custody of his or her child, similar to an order of placement, the duration and review procedure should be similar" (Assembly Mem in Support, Bill Jacket, L 1989, ch 220).

Many agencies, including DSS, supported the amendment as the belief was that an open-ended or lengthy duration "could constitute unduly harsh punishment and intrusion into parental rights" (Mem of Dept of Social Servs, Bill Jacket, L 1989, ch 220).

Since the 1989 amendment, and despite the new statutory language that purports to limit the duration of orders of protection, some Family Courts have continued to issue orders against family members that run until a child's eighteenth birthday (see *Matter of Commissioner of Social Servs. [David G.]*, 233 AD2d 325 [2d Dept 1996]; see also *Matter of Esther CC.*, 194 AD2d 949 [3d Dept 1993] [upholding an order of protection indefinitely suspending visitation until the age of majority subject to modification if respondent father satisfied certain conditions]; see also *Matter of A.G.*, 253 AD2d 318 [1st Dept 1999]). In *Matter of Gabriel A.*, however, the court recognized that *Matter of Erin G.* had been superseded by statutory amendment.

Here, the Appellate Division cited to *Matter of Erin G.* in support of its affirmance of the orders of protection, concluding

that this was proper pursuant to Family Court Act § 1056 (1) since the order of fact-finding and disposition had no expiration date. It is thus useful to review the duration of dispositional orders that may be entered pursuant to Family Court Act § 1052 (a).

A court may order suspended judgment (*see* Family Ct Act § 1052 [a] [i]; § 1053) with a "maximum duration of any term or condition . . . [of] one year" (Family Ct Act § 1053 [b]). It may release the child to the custody of his parents or other legally responsible person (*see* Family Ct Act § 1052 [a] [ii]; § 1054), and it "may place the person to whose custody the child is released under supervision" (Family Ct Act § 1054 [a]) "for an initial period of no more than one year" (Family Ct Act § 1054 [b]). Family Court may "plac[e]" a child outside of the home (*see* Family Ct Act § 1052 [a] [iii]; § 1055) "until the court completes the initial permanency hearing" (Family Ct Act § 1055 [b] [i] [E]), which "in no event [may be] more than eight months from the date of removal of the child from his or her home" (Family Ct Act § 1055 [b] [i] [C]). Finally, the court may place a respondent under supervision (*see* Family Ct Act § 1052 [a] [v]; § 1057) "for an initial period of no more than one year" (§ 1057).

Thus, most dispositional orders pursuant to Family Court Act § 1052 (a) have a statutorily defined maximum duration of not more than one year. The statute is silent, however, when it comes to awarding custody of a child to a parent where no corresponding order of supervision has been entered (*see* Family Ct Act § 1052 [a] [ii]; § 1054).

The literal reading of the statute employed by the courts below had the effect of cutting off the father's presumptive rights to visitation (*see* Family Ct Act § 1030 [c]) without periodic review as anticipated by the legislation. Professor Merril Sobie in his Supplementary Practice Commentary writes that the result below is both "problematic, and puzzling" as it "would appear to be impossible; by operation of law every Article 10 dispositional [hearing] order expires at a date certain" (McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1056, 2007 Pocket Part, at 184-185). Thus, only after periodic hearings may a court extend orders of protection until a child reaches 18—the limit specified by Family Court Act § 1056 (4) for persons "*not* related by blood or marriage to the child or a member of the child's household" (Family Ct Act § 1056 [4] [emphasis supplied]). Such court oversight and

periodic review of orders of protection should take place whether or not the underlying dispositional order contains an expiration date.

In its dispositional order of September 7, 2004, Family Court released the two children to the custody of their mother with no specific expiration date[3] and continued orders of protection against Darwin, their biological father, until the children attained their eighteenth birthdays. The court further declined every opportunity for court oversight, by indicating "N/A" next to "Progress Reports and Notices," "Visitation Plans" and the like, and failed to provide for any periodic court review of the progress of the family by issuing orders of protection for such a protracted period (14 years and 16 years respectively). The court did not impose terms or conditions for treatment in order to address the situation presented. The order evinced no effort toward reuniting the children with their father, nor did it recite any mechanism that would allow father to bring the order of protection back before the court for modification.

We cannot interpret the Family Court Act as allowing for such unbridled discretion by reading Family Court Act § 1056 (1) to preclude periodic review of orders of protection. It seems unwise to treat this dispositional order and the accompanying orders of protection differently from an article 10 order placing the children outside the home. In both instances parties should be required to return to court on a regular basis to assess whether circumstances may warrant continued placement, continued orders of protection or reunification of the family.

Thus, a dispositional order that has no expiration date, such as the one here placing the children in the custody of the mother with no requirement of supervision, cannot be accompanied by an order of protection with no time limit. To read the statute otherwise would contradict the purpose of the 1989 amendment—to limit the length of orders of protection in child protective proceedings and to provide for periodic court review.

---

3. We note that on July 8, 2004, after the orders of protection were already in place, Jessica admitted certain allegations of abuse and neglect, and was found in neglect of Chase and Vincent. At a dispositional hearing, DSS was given temporary custody of Chase and Vincent for 12 months, since Jessica was incarcerated at the time. Jessica was placed under DSS supervision for 12 months.

We have reviewed Darwin's remaining contentions and find them to be without merit.

Accordingly, the order of the Appellate Division should be modified, without costs, by remitting to Family Court for further proceedings in accordance with this opinion and, as so modified, affirmed.

Chief Judge KAYE and Judges GRAFFEO, READ and SMITH concur; Judges PIGOTT and JONES taking no part.

Order modified, etc.