In the Matter of IAN H. and Another, Children Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES OF TIOGA COUNTY, Respondent; KENNETH H., Appellant. [840 NYS2d 202]—

Cardona, P.J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered July 5, 2006, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

As pertinent herein, respondent's wife operated a day-care center out of the residence she shared with respondent and their twin boys (born in 1996). Although respondent was considered only a substitute day-care worker for that business, the record indicates that he nevertheless actively participated in the care of the children by, among other things, feeding them, checking their diapers and changing them on occasion.

In December 2005, respondent was arrested and charged with two counts of sexual abuse in the first degree as a result of allegations that he improperly touched two female children who attended the day-care center: a three year old (hereinafter child

A) and a one year old (hereinafter child B). Petitioner then commenced this neglect proceeding charging respondent with derivatively neglecting his twin sons because of inappropriate conduct with respect to certain children in the day-care center. Thereafter, in January 2006, the police received information that a seven-year-old female (hereinafter child C), who formerly attended the day-care center until she was about five years of age, disclosed that respondent sexually penetrated her when she was four years old. Child C's interview at a child advocacy center was videotaped.

Subsequently, petitioner filed an amended petition alleging that respondent derivatively neglected his own children based upon, as relevant herein, the alleged sexual contact with child A, child B and child C. Following a fact-finding hearing, Family Court found, among other things, that respondent was a person legally responsible for the care of child A, child B and child C, and that he neglected these children by sexually abusing them, thereby exhibiting a fundamental defect in parenting such that he derivatively neglected his own children because their well-being was "in imminent danger of becoming impaired directly." Respondent now appeals as of right from the fact-finding order (*see* Family Ct Act § 1112 [a]; *Matter of Nathaniel II.*, 18 AD3d 1038, 1038 [2005], *lv denied* 5 NY3d 707 [2005]).

Initially, respondent contends that the out-of-court statements of child A and child C, including the videotape of child C's interview, were improperly admitted into evidence because these children were not the subject of the neglect proceeding and the evidentiary exception contained in Family Ct Act § 1046 (a) (vi) can only be applied to the out-of-court statements of children who are named in the petition. Respondent's argument is unpersuasive. The admissibility of a child's prior out-of-court statement regarding abuse or neglect is not limited to such statements that are attributable only to children who are the subject of the proceeding (*see e.g. Matter of Alan YY. v Laura ZZ.*, 209 AD2d 902, 902-904 [1994], *lv denied* 85 NY2d 806 [1995]; *see also Matter of Stephanie WW.*, 213 AD2d 818, 818-819 [1995]). The hearsay exception contained in Family Ct Act § 1046 (a) (iv) applies in any Family Ct Act article 10 proceeding. Notably, the term "child" in that statute, which is defined as "any person or persons alleged to have been abused or neglected" (Family Ct Act § 1012 [b]), does not mandate a conclusion that the hearsay exception applies *only* to a child named in the petition. Accordingly, Family Court did not err in admitting child C's videotaped interview or receiving testimony relating to such statements made by child A and child C.

Next, respondent argues that, if the children's out-of-court statements were admissible, then they were not adequately corroborated. Notably, "[a] child's unsworn out-of-court statements relating to abuse or neglect are admissible at a fact-finding hearing, but a finding of abuse or neglect can only be based on those statements if they are sufficiently corroborated" (*Matter of Kayla F.*, 39 AD3d 983, 984 [2007]). "While '[a]ny other evidence tending to support the reliability of the previous statements' may constitute sufficient corroboration, the evidence must still meet a threshold of reliability" (*id.* [citations omitted]). In meeting that threshold, "statements of different children regarding the same incidents can cross-corroborate each other" (*id.*; *see Matter of Akia KK.*, 282 AD2d 839, 840 [2001]).

Here, we conclude that there was ample corroboration of the statements in the record inasmuch as, among other things, the statements of child A and child C cross-corroborated each other tending to show their reliability (*see Matter of Kayla F., supra* at 984; *Matter of Akia KK., supra* at 840), as does the spontaneity of child C's initial disclosure,* her behavior in doing so and her demeanor during her recorded interview. Moreover, respondent admitted to placing his hands in the vaginal area of child A and child B under the guise of checking them for wetness, thereby lending credence to child A's account and also child C's statement that he touched her vagina with his penis after taking her to the upstairs bathroom. Lastly, in finding sufficient corroboration, Family Court was permitted to "draw a strong inference against" respondent in light of his election not to testify (*Matter of Kayla F., supra* at 985).

Respondent further maintains that Family Court erred in refusing his request to call child C as a witness. Significantly, Family Court has discretion in determining whether to compel a child to testify after balancing the rights of the accused against the mental and emotional well-being of the child (*see Matter of Robert U.*, 283 AD2d 689, 690-691 [2001]). Here, the matter was thoroughly briefed by the parties and Family Court acknowledged its obligation to balance the factors, indicating that it was adopting petitioner's position that the child should not testify due to, among other things, her age and concerns over her mental and emotional well-being. To the extent that Family Court erred in not specifically setting forth the factors it weighed in the balancing process, we conclude that, under the circumstances herein, any error was harmless (*see id.*).

---

* The record indicates that child C saw a news broadcast regarding respondent and, upon being told that he had been arrested for inappropriately touching little girls, spontaneously declared, "[J]ust like he did to me."

Finally, we conclude that Family Court's finding of respondent's derivative neglect of his biological children based upon his neglect of child A, child B and child C was sufficiently supported by a preponderance of the evidence. In a derivative neglect proceeding, "proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child" (Family Ct Act § 1046 [a] [i]; *see Matter of Cadejah AA.*, 33 AD3d 1155, 1157 [2006]). A finding of derivative neglect is warranted where the evidence establishes that "[t]he abuse by respondent . . . 'demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his] care' " (*Matter of Sheena D.*, 27 AD3d 1128, 1128 [2006], *mod* 8 NY3d 136 [2007], quoting *Matter of Daniella HH.*, 236 AD2d 715, 716 [1997]; *see Matter of Shaun X.*, 300 AD2d 772, 772 [2002]). Such a finding is justified "where [the] abuse or neglect was repeated, . . . was perpetrated on multiple victims or was accompanied by evidence that the other children were nearby when the abuse occurred" (*Matter of Cadejah AA., supra* at 1157 [citations omitted]; *see Matter of Shaun X., supra* at 772).

Here, not only did Family Court find, among other things that respondent abused child A, child B and child C by engaging in inappropriate sexual contact, the court specifically noted that respondent's sons were home when child A was subjected to sexual contact. Under the circumstances, we find no basis to disturb the court's finding that respondent derivatively neglected his own children because his conduct evinced a fundamental defect in parental judgment, particularly given the tender age of the victims, that creates a substantial risk of harm to any child in his care (*see Matter of Cadejah AA., supra* at 1157; *Matter of Sheena D., supra* at 1128; *Matter of Shaun X., supra* at 772).

Respondent's remaining arguments have been examined and found to be unpersuasive.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.