■ In the Matter of KOLE HH. and Another, Children Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant-Respondent; THOMAS HH., Respondent-Appellant, et al., Respondent. [876 NYS2d 199]—

Kavanagh, J. (1) Cross appeals from an order of the Family Court of Broome County (Charnetsky, J.), entered April 17, 2008, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondents' children to be neglected, and (2) appeal from an order of said court, entered May 29, 2008, which issued an order of protection.

Respondent Thomas HH. (hereinafter respondent) and respondent Linda QQ. (hereinafter the mother) are the parents of two sons, Kole HH. and Andrew HH. (born in 1999 and 2007, respectively). The mother, in addition to caring for her own two children, on occasion had charge of her cousin's nine-year-old daughter (hereinafter the victim) and provided this care at the home she shared with respondent. The victim, who is described as learning disabled, claimed that during the period of time that she spent at this home, respondent subjected her to numerous instances of sexual abuse. She also alleged that she observed respondent, on occasion, having inappropriate contact with his eldest son, Kole, as well as another neighborhood child.[1] After the police were contacted, respondent was arrested and charged with rape in the first degree. These charges were ultimately dismissed.

After respondent's arrest, petitioner commenced this proceeding claiming that, as a result of the allegations of sexual abuse, both respondent and the mother had neglected their own two children and sought an order removing the children from respondents' custody and placing the children in the custody of petitioner. As for the mother, the petition alleged that, after

---

**1.** Kole, when asked whether anyone had ever touched him inappropriately, stated that a family member—a child—had touched his private parts. He denied that an adult had ever subjected him to inappropriate contact. The neighborhood child denied that respondent had ever sexually abused her.

learning of the victim's allegations, she failed to take necessary precautions to ensure the safety and welfare of her own children in regard to any contact they might have with respondent. In September 2007, the mother consented to an entry of a finding of neglect based, in part, upon her failure to respond appropriately to the allegations of sexual abuse as well as her failure to fully comply with Family Court's order directing the children's temporary removal from her care.[2]

A fact-finding hearing was held as to the allegations made in the petition against respondent at the conclusion of which Family Court found that respondent had sexually abused the victim. However, the court concluded that this evidence was legally insufficient to support a finding that respondent had derivatively neglected his own children because respondent was not a person legally responsible for the care of the victim at the time the alleged abuse occurred and, therefore, his sexual assault of this child could not be used as a basis for such a finding. As a result, Family Court dismissed the petition against respondent, but extended the terms of the order of protection requiring the children to remain in the custody of petitioner and directing that respondent not have any unsupervised contact with them.[3] Petitioner now appeals, challenging the court's dismissal of the neglect petition. Respondent cross-appeals, taking issue with Family Court's finding that he had sexually abused the victim. He also challenges the court's legal authority to extend the terms of the order of protection given the dismissal of the underlying petition.

Initially, respondent claims that the out-of-court statements made by the victim were essentially uncorroborated and should not have been admitted into evidence at the hearing to establish that he had sexually abused her. Family Ct Act § 1046 (a) (vi) provides that "previous statements made by [a] child relating to any allegations of abuse or neglect shall be admissible in evidence" (see *Matter of Christina F.*, 74 NY2d 532, 536 [1989]; *Matter of Ian H.*, 42 AD3d 701, 702-703 [2007], *lv denied* 9 NY3d 814 [2007]). However, to prove abuse or neglect, such out-of-court statements must be corroborated by other evidence introduced during the proceeding that tends to establish their reliability (see Family Ct Act § 1046 [a] [vi]; *Matter of Christina F.*, 74 NY2d at 536-537; *Matter of Ian H.*, 42 AD3d at 703). We also note that Family Court is vested with considerable discretion in determining the admissibility of such statements and

---

2. The finding that the mother had neglected her children is not an issue in this appeal.

3. Respondent has had supervised visits with the children.

the threshold that must be met for other evidence to provide the requisite corroboration is relatively low (*see Matter of Caitlyn U.*, 46 AD3d 1144, 1146 [2007]; *Matter of Kayla N.*, 41 AD3d 920, 922 [2007]; *Matter of Joshua QQ.*, 290 AD2d 842, 843 [2002]).

Here, Family Court allowed into evidence tape recordings of two interviews given by the victim to caseworkers during which she described in excruciating detail and, with disturbing clarity, the particulars of the claimed sexual abuse. Each interview— and the victim's unsworn testimony at the hearing—established that her knowledge of the human anatomy and her graphic description of the alleged sexual activity were clearly inappropriate for a child of her age. The details that the child provided were especially telling, given that she is learning disabled and her ability to communicate is, to some extent, limited.[4]

In addition, the victim's in-court testimony, while unsworn and somewhat limited, was essentially consistent with statements that she made during each taped interview, as well as those she gave to her mother when she first disclosed that she had been abused by respondent (*compare Matter of Kayla F.*, 39 AD3d 983, 984-985 [2007]). Any contradictions and discrepancies that may have existed in these statements and the victim's unsworn testimony were fully explored at the hearing and were found by Family Court not to affect the credibility of her claim that respondent had, on numerous occasions, subjected her to sexual abuse. Moreover, it was essentially uncontroverted at the hearing that the victim was present at the home and in the company of respondent during the relevant time periods when it is claimed that the abuse occurred. As a result, we find that ample evidence existed to establish the reliability of these out-of-court statements made by the victim and, when considered with the other evidence introduced at the hearing, justified the finding of abuse (*see Matter of Christina F.*, 74 NY2d at 537; *Matter of Ian H.*, 42 AD3d at 703).[5]

We do not agree with Family Court that respondent's sexual

---

4. While the victim's mother testified to pronounced changes in the child's behavior after she disclosed the abuse and no longer had any contact with respondent, petitioner failed to present any expert testimony connecting this change in behavior to the alleged abuse (*see Matter of Kayla F*, 39 AD3d 983, 984-985 [2007]; *Matter of Zachariah VV.*, 262 AD2d 719, 719-720 [1999], *lv denied* 94 NY2d 756 [1999]).

5. A nurse practitioner testified that she found no evidence of abuse during her external physical examination of the victim but that such a negative finding "neither confirmed nor denied" the fact that the child had been the victim of sexual abuse. She further testified to performing no less than 400 such examinations, and that in approximately 90% of these examinations no

abuse of this nine-year-old child cannot provide the legal basis for a finding of derivative neglect of his own two children. While respondent, on these facts, may not qualify as a person legally responsible for the victim (see Family Ct Act § 1012 [g]), such conduct, at the very minimum, reveals a fundamental and profound flaw in respondent's understanding of his parental responsibilities and " ' "demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his] care" ' " (Matter of Ian H., 42 AD3d at 704, quoting Matter of Sheena D., 27 AD3d 1128, 1128 [2006], mod 8 NY3d 136 [2007]; see Matter of Jewle I., 44 AD3d 1105, 1107 [2007]). The fact that a child will be seriously harmed by such conduct is so obvious that it leads to the inescapable conclusion that "the perpetrator lacks any capacity to care for and protect the other children in his or her care" (Matter of Cadejah AA., 33 AD3d 1155, 1157 [2006]). This is especially true where, as here, evidence exists that the abuse was perpetrated in the family home while respondent's own children were present. As a result, respondent's sexual abuse of a neighborhood child within the family home provides ample support for a finding that by such conduct he derivatively neglected his own two children (see Matter of Ian H., 42 AD3d at 704; Matter of Cadejah AA., 33 AD3d at 1157).

Therefore, we reverse so much of Family Court's order as dismissed the neglect petition against respondent, grant the petition with a finding that respondent derivatively neglected Kole and Andrew, and remit to Family Court for further proceedings consistent with this decision. In the interim, and based upon this conclusion regarding the neglect petition, the order of protection issued by Family Court regarding respondent and Kole and Andrew shall be continued.

Cardona, P.J., Rose, Kane and Stein, JJ., concur. Ordered that the order entered April 17, 2008 is modified, on the law and facts, without costs, by reversing so much thereof as dismissed the petition against respondent Thomas HH.; petition granted to the extent of finding that said respondent derivatively neglected the subject children and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the order entered May 29, 2008 is affirmed, without costs.

signs of physical trauma are found. As a result, we are unconvinced, especially in light of the victim's age and her learning disability, that the results of the physical examination as performed by the nurse practitioner mandate a finding that the child was not subject to some form of sexual abuse.