■ In the Matter of DESTINY UU., a Child Alleged to be Severely Abused, Abused and/or Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LEON UU., Appellant. [900 NYS2d 199]—

Rose, J. Appeals from two orders of the Family Court of Schenectady County (Powers, J.), entered August 29, 2008 and November 5, 2008, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be abused and neglected.

When respondent's daughter was five years old, she made detailed accusations of sexual abuse against respondent which caused petitioner to commence this proceeding. Following a fact-finding hearing at which the child testified in camera, Family Court found that the allegations of sexual abuse were supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). Respondent now appeals, contending that the child's statements were insufficiently corroborated and should not have been credited.

A child's previous, out-of-court allegations of abuse or neglect are admissible to prove such acts, but they "must be corroborated by other evidence introduced during the proceeding that tends to establish their reliability" (Matter of Kole HH., 61 AD3d 1049, 1051 [2009], lv dismissed 12 NY3d 898 [2009]; see Family Ct Act § 1046 [a] [vi]; Matter of Ian H., 42 AD3d 701, 703 [2007], lv denied 9 NY3d 814 [2007]). "[A] relatively low degree of corroborative evidence is sufficient in abuse proceedings" (Matter of Joshua QQ., 290 AD2d 842, 843 [2002]; see Matter of Kole HH., 61 AD3d at 1052), and we accord Family Court considerable discretion in determining whether the out-of-court statements have been reliably corroborated (see Matter of Caitlyn U., 46 AD3d 1144, 1145-1146 [2007]). We also defer to Family Court's credibility determinations (see Matter of Chaquill R., 55 AD3d 975, 977 [2008], lv denied 11 NY3d 715 [2009]; Matter of Randy V., 13 AD3d 920, 922 [2004]), and we view the record in the light most favorable to petitioner (see Matter of Richard SS., 29 AD3d 1118, 1121 [2006]).

Here, the child's statements were corroborated by her demonstrated, age-inappropriate knowledge of sexuality and her graphic descriptions of respondent's sexual acts. In addition, petitioner's expert strongly opined that the child had been sexually abused and testified that it was likely that respondent was the abuser (see Matter of Richard SS., 55 AD3d 1001, 1003 n 2 [2008]; Matter of Dylan Y., 4 AD3d 643, 644 [2004], lv denied 2 NY3d 704 [2004]). The child's similar out-of-court statements to various adults that respondent had abused her were further corroborated by her unsworn testimony in camera (see Matter of

*Christina F.*, 74 NY2d 532, 536-537 [1989]; *Matter of Kole HH.*, 61 AD3d at 1052; *Matter of Brandi U.*, 47 AD3d 1103, 1104 [2008]). Given the child's corroborated statements, the undisputed proof that sexual abuse had occurred and respondent's improbable testimony that he had never been alone with the child, we find that the record provides a sound and substantial basis for Family Court's determination to credit the child over respondent, and we decline to disturb its finding that he abused her (*see Matter of Nathaniel II.*, 18 AD3d 1038, 1040 [2005], *lv denied* 5 NY3d 707 [2005]).

Respondent also contends that he received ineffective assistance of counsel because Family Court found respondent's claim that he never touched the child's anus to be inconsistent with one of his counsel's statements in summation. We read counsel's remark, however, as an alternate innocent explanation if the court found that such touching had occurred, and not as impugning respondent's credibility. In any event, the record reveals that defense counsel was thoroughly prepared, extensively cross-examined petitioner's witnesses, made appropriate objections and pursued a viable defense. In view of the totality of the circumstances here, we would conclude that respondent received meaningful representation (*see Matter of Chaquill R.*, 55 AD3d at 977; *Matter of James U.*, 55 AD3d 972, 973 [2008]).

Mercure, J.P., Peters, Stein and McCarthy, JJ., concur. Ordered that the orders are affirmed, without costs.