██ In the Matter of JOSHUA UU. and Others, Children Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, CHILD PROTECTIVE SERVICES, Respondent; JESSICA XX., Respondent; EUGENE LL., Appellant. [916 NYS2d 352]—

Stein, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered February 17, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.

Respondent Eugene LL. (hereinafter respondent) and his wife, respondent Jessica XX. (hereinafter the mother), are the parents of Mikayla WW. (born in 2008) and Eugene WW. (born in 2008). The mother also has seven other children (born between 1993 and 2005) who are the subjects of this proceeding including, as relevant here, Arianne VV. (born in 1995). At all relevant times, respondent lived with the mother and all nine children and was, together with the mother, responsible for the children's care.

In 2008, in a neglect proceeding brought by petitioner under Family Ct Act article 10, respondent and the mother admitted to "plac[ing] the children at imminent risk of harm to their physical, mental and emotional welfare" because their home was in a "deplorable condition" and was "not a clean and safe environment." That proceeding was adjourned for 12 months in contemplation of dismissal, subject to various conditions including, but not limited to, respondent's and the mother's place-

ment under petitioner's supervision until July 2009[1] and their agreement to provide clean housing.

In May 2009, petitioner investigated a report that respondent had inappropriately touched Arianne in 2006, prompting petitioner to file the instant petition based on that incident and other allegations of neglect on the part of respondent and the mother. Following fact-finding and dispositional hearings, Family Court determined that respondent and the mother had neglected the children and placed both of them under petitioner's supervision for one year. The court also entered an order of protection requiring respondent to stay away from the subject children and their home and schools until their 18th birthdays. This appeal by respondent ensued.[2]

Family Court's determination that respondent neglected the children was based primarily on its finding that he had touched Arianne's breast area and had attempted to touch her crotch area. Respondent argues that the only evidence adduced in support of these allegations consisted of Arianne's out-of-court statements, which were insufficiently corroborated to support the adjudication of neglect. We disagree and, therefore, affirm.

The evidence presented by petitioner satisfied its burden of showing, by a preponderance of the evidence, that the children were neglected as defined by the Family Ct Act (see Family Ct Act § 1012 [f] [i] [B]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; Matter of Shiree G. [Robert E.], 74 AD3d 1416, 1417 [2010]). Arianne's maternal aunt testified that Arianne told her in 2009 that respondent had touched her breasts in the past and that she (the aunt) had relayed this information to the mother. The mother testified that she had asked respondent if the allegation was true. Respondent denied at trial that he had inappropriately touched Arianne. However, his testimony reflected that, when the mother told him that, if Arianne's allegations were true and if he did it again, the mother "wouldn't want anything to do with" him, he simply replied that "it would be fine with" him.

Peter Forcucci, a caseworker employed by petitioner, also testi-

1. The record before us includes a petition dated June 12, 2009 to extend the period of supervision. It appears that this petition was heard with the instant proceeding.

2. Although respondent's appeal is technically premature because he appealed from Family Court's decision rendered at the November 2009 dispositional hearing rather than from the dispositional order entered in February 2010 (see CPLR 5512 [a]; Family Ct Act § 165), in the exercise of our discretion we will treat the notice of appeal as valid (see CPLR 5520 [c]; Matter of Heaven C. [Julia B.], 71 AD3d 1301, 1302 n [2010]; Matter of Jesse XX. [Marilyn ZZ.], 69 AD3d 1240, 1242 n [2010]).

fied that, when he questioned Arianne in May 2009 during the course of his investigation of the report that respondent had inappropriately touched her, she stated that between September and December 2006 respondent had "touched her on her chest over her clothes, and then attempted to touch her genitals over her pants, but she crossed her legs, and told him no." The mother also testified that, although Arianne initially denied to her that respondent had inappropriately touched her, she learned that Arianne had told her mental health counselor about the touching and that, two weeks before the fact-finding hearing, Arianne also told the mother that the touching had occurred.

A child's out-of-court statements alleging abuse or neglect may be admissible in a proceeding pursuant to Family Ct Act article 10 provided that such statements are sufficiently corroborated in order to support a finding of abuse or neglect (see Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112, 118-119 [1987]). The "corroboration requirements of the criminal law are not applicable in article 10 proceedings, which are civil in nature" (Matter of Christina F., 74 NY2d 532, 536 [1989]). It is only necessary that the corroborative evidence "tend[s] to support the reliability of the previous statements" (Family Ct Act § 1046 [a] [vi]).

Here, we recognize that the mere repetition of Arianne's statement to different people does not, in and of itself, provide sufficient corroboration of such statement (see Matter of Nicole V., 71 NY2d at 124; Matter of Sasha R., 24 AD3d 902, 903 [2005]). However, some degree of corroboration can be found in the consistency of the out-of-court repetitions (see Matter of Justin CC. [Tina CC.], 77 AD3d 1056, 1058 [2010], lv denied 16 NY3d 702 [2011]; Matter of Telsa Z. [Rickey Z.—Denise Z.], 71 AD3d 1246, 1249-1250 [2010]; Matter of Kole HH., 61 AD3d 1049, 1052 [2009], lv dismissed 12 NY3d 898 [2009]), as well as in respondent's admitted criminal history involving the sexual abuse of his daughter (see Matter of Anita U., 185 AD2d 378, 380 [1992]; see generally Matter of Christina F., 74 NY2d at 534)[3] and his failure to deny the allegations made by Arianne when confronted by the mother about them.

According Family Court great deference in its determination

3. In the order of fact-finding and disposition, Family Court noted that respondent had a history of sexual abuse, having previously been convicted of rape in the third degree and incest. The record reflects that respondent pleaded guilty to and was convicted in 1988 of charges of rape and incest involving his daughter from a prior relationship, for which he was incarcerated for three years.

of whether the child's out-of-court statements were sufficiently corroborated to ·support a finding of neglect (*see Matter of Christina F.*, 74 NY2d at 536; *Matter of Destiny UU. [Leon UU.]*, 72 AD3d 1407, 1408 [2010], *lv denied* 15 NY3d 702 [2010]; *Matter of Telsa Z. [Rickey Z.—Denise Z.]*, 71 AD3d at 1250), and considering the record in the light most favorable to petitioner (*see Matter of Destiny UU. [Leon UU.]*, 72 AD3d at 1408; *Matter of Caitlyn U.*, 46 AD3d 1144, 1146 [2007]), we conclude that the proof was sufficient to satisfy the "relatively low degree of corroborative evidence [required]" (*Matter of Justin CC. [Tina CC.]*, 77 AD3d at 1057; *see Matter of Nicole V.*, 71 NY2d at 118-119; *Matter of Destiny UU. [Leon UU.]*, 72 AD3d at 1408; *Matter of Kole HH.*, 61 AD3d at 1052; *Matter of Richard SS.*, 29 AD3d 1118, 1121 [2006]). Thus, we discern no basis to disturb Family Court's determination on this issue.

Furthermore, assessing the record in the light most favorable to petitioner and exercising our own factual review power (*see Matter of Anita U.*, 185 AD2d at 379), we are also satisfied that adequate evidence was adduced to support a finding of neglect based on allegations in the petition as to the condition of the children's home environment (*see generally* Family Ct Act § 1012 [f] [i] [B]; *Nicholson v Scoppetta*, 3 NY3d at 368; *Matter of Shiree G. [Robert E.]*, 74 AD3d at 1417; *Matter of Mary MM. [Leuetta NN.]*, 72 AD3d 1427, 1428-1429 [2010], *lv denied* 15 NY3d 703 [2010]). Respondent and the mother admitted in the prior neglect proceeding that the children were at imminent risk of harm due to the condition of their home. In the instant proceeding, the mother again admitted that the home was not safe for the youngest children in that the older children left pencils and scissors on the floor where the younger children crawled. In addition, Forcucci described the home as "dirty [with] a foul odor," and testified that the children "were often in dirty clothes, and their faces were usually somewhat dirty" and that he had observed partially-eaten food on the railing and fence outside the house.

Respondent's remaining contentions have been considered and are either academic or without merit.

Mercure, J.P., Spain and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.