■ In the Matter of KAYLA R. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; COREY R., Appellant. (Proceeding No. 1.) In the Matter of MYA J. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; COREY R., Appellant. (Proceeding No. 2.) [943 NYS2d 764]—In two related child abuse proceedings pursuant to Family Court Act article 10, Corey R. appeals from (1) a fact-finding order of the Family Court, Kings County (Weinstein, J.), dated February 8, 2011, which, after a fact-finding hearing,

found that he had abused Mya J. and derivatively abused Kayla R., and (2) an order of disposition of the same court dated March 9, 2011, which, upon the fact-finding order and after a dispositional hearing, inter alia, released the children to the custody of their mother.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court properly admitted into evidence the mother's statement to a police officer as an "adoptive admission" of the appellant (*People v Campney*, 94 NY2d 307, 311-312 [1999]; *see People v Woodward*, 50 NY2d 922 [1980]). Further, the appellant's plea of guilty to endangering the welfare of a child was relevant to a determination of the issues in this proceeding and was properly considered by the Family Court (*see Ando v Woodberry*, 8 NY2d 165, 168 [1960]).

The Family Court's finding that the appellant abused Mya J. and derivatively abused Kayla R. is supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [e] [iii]; § 1046 [b] [i]; *Matter of Carmen L.*, 37 AD3d 468, 469 [2007]). Where, as here, the Family Court is primarily confronted with issues of credibility, its findings must be accorded deference on appeal (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]; *Matter of Aminat O.*, 20 AD3d 480 [2005]).

The appellant's allegation of bias on the part of the Family Court is not supported by the record (*see People v Acosta*, 241 AD2d 385, 386 [1997]; *Matter of Tracey v Tracey*, 235 AD2d 838 [1997]). Skelos, J.P., Florio, Belen and Sgroi, JJ., concur.