■ In the Matter of OLIVIA C. and Others, Children Alleged to be Abused and/or Neglected. SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SCOTT E., Appellant. (Proceeding No. 1.) In the Matter of OLIVIA C. and Others, Children Alleged to be Abused and/or Neglected. SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHASITY F., Appellant. (Proceeding No. 2.) [949 NYS2d 222]—

Rose, J.P.

Petitioner commenced these proceedings against respondent Scott E. (hereinafter respondent) and respondent Chasity F. (hereinafter the mother), alleging, among other things, that respondent abused the mother's daughter Olivia (born in 1994) by raping her on two occasions in 2006 and that the mother neglected Olivia and her other three children (born in 1995, 1997 and 2003) based on, among other things, her willingness to allow contact between respondent and the children despite her awareness of pending criminal charges against him in Maine alleging that he had sexually abused his biological daughter from another relationship. After a combined fact-finding hearing, Family Court determined that the credible evidence established that respondent had sexually abused Olivia and that the mother was aware of the Maine criminal charges at the time yet failed to take steps to protect the children. Thus, the court sustained the petitions against respondent and the mother. Respondent and the mother consented to the disposition, conditioned on the preservation of their right to appeal.

Initially, we agree with the attorney for the children that respondent's notice of appeal from the fact-finding order is untimely (see Family Ct Act § 1113). However, respondent also appeals from the dispositional order and we may treat his notice of appeal from that order as premature but valid (see CPLR 5520 [c]; Matter of Paige AA. [Anthony AA.], 85 AD3d 1213, 1215 n 2 [2011], lv denied 17 NY3d 708 [2011]; Matter of Joshua UU. [Jessica XX.—Eugene LL.], 81 AD3d 1096, 1097 n 2 [2011]), thereby bringing up for review the predicate fact-finding determination (see CPLR 5501 [a] [1]; Matter of Santino B. [Lisette C.], 93 AD3d 1086, 1087 [2012]; Matter of Christina BB., 291 AD2d 738, 738 [2002], lv denied 98 NY2d 605 [2002]). We also find that respondent was not in default, as his attorney appeared at the dispositional hearing, indicated respondent's desire to appear and offered a reasonable excuse for his nonappearance, namely his continued incarceration in Maine and inability to schedule an appearance by telephone (see Matter of Harris-Wilks v Harris, 56 AD3d 1063, 1063-1064 [2008]; Matter of Cecelia A., 199 AD2d 582, 583 [1993]). As for the mother's notice of appeal, while it erroneously describes the fact-finding order, we exercise our discretion pursuant to CPLR 5520 (c) to treat it as a premature but valid appeal from the dispositional order so as to bring the fact-finding determination up for review

(see CPLR 5501 [a] [1]; *Matter of Joshua UU. [Jessica XX.— Eugene LL.]*, 81 AD3d at 1197 n 2; *Matter of Heaven C. [Julia B.]*, 71 AD3d 1301, 1302 n [2010]).

Turning to the merits, respondent limits his appeal to the sufficiency of the corroboration offered for the two out-of-court statements by Olivia in which she details her charges of rape. For her part, the mother contends that the lack of corroboration evidence would require dismissal of the finding that she neglected the children. She also argues that she was unaware of the pending criminal charges in Maine until after Olivia reported respondent's abuse. We affirm.

In order to support a finding of abuse, the child's unsworn out-of-court statements must be corroborated, and "[a]ny other evidence tending to support the reliability of the . . . statements, including . . . the types of evidence defined in this subdivision shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]; *see Matter of Kimberly CC. v Gerry CC.*, 86 AD3d 728, 730 [2011]; *Matter of Miranda HH. [Thomas HH.]*, 80 AD3d 896, 898 [2011]). Proof of the abuse of another child is the type of evidence defined in the subdivision (*see* Family Ct Act § 1046 [a] [i]). We also note that Family Court has considerable discretion in determining issues of credibility as well as whether the evidence meets the relatively low threshold required for corroboration (*see Matter of Christina F.*, 74 NY2d 532, 536 [1989]; *Matter of Kimberly Z. [Jason Z.]*, 88 AD3d 1181, 1182 [2011]; *Matter of Caitlyn U.*, 46 AD3d 1144, 1145-1146 [2007]).

Petitioner established that respondent pleaded guilty to the crime of gross sexual misconduct of his biological daughter in Maine. Contrary to respondent's claim, this proof that respondent abused his biological daughter qualifies as evidence corroborating Olivia's out-of-court statements (*see* Family Ct Act § 1046 [a] [i], [vi]; *Matter of Nicole V.*, 71 NY2d 112, 118 [1987]). Such evidence of respondent's prior abuse of his own daughter and the testimony of the caseworker and interviewer concerning Olivia's convincing demeanor when making the out-of-court statements, as well as the significant detail and description of the surrounding circumstances that the child related, when viewed in a light most favorable to petitioner, supports Family Court's determination that there was sufficient corroboration here (*see Matter of Joshua UU. [Jessica XX.—Eugene LL.]*, 81 AD3d at 1098; *Matter of Melissa I.*, 256 AD2d 671, 673 [1998]; *Matter of Anita U.*, 185 AD2d 378, 380 [1992]).

Likewise, we find no basis to disturb the determination that the mother neglected the children by failing to protect them from respondent (*see Matter of Kimberly Z. [Jason Z.]*, 88 AD3d

at 1185; *Matter of Telsa Z. [Denise Z.]*, 81 AD3d 1130, 1132 [2011]). Family Court discredited the mother's testimony that she was unaware that respondent had been arraigned on the pending charge in Maine and we defer to that credibility determination (*see Matter of Joseph RR. [Lynn TT.]*, 86 AD3d 723, 725 [2011]). We have considered the mother's remaining contentions and find them to be unavailing.

Spain, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that respondent Scott E.'s appeal from the order entered October 13, 2010 is dismissed, without costs. Ordered that the orders entered March 16, 2011 are affirmed, without costs.