In two related child protective proceedings pursuant to Family Court Act article 10, the maternal stepgrandfather appeals from (1) an order of fact-finding of the Family Court, Kings County (Danoff, J.), dated August 29, 2012, which, after a fact-finding hearing, found that he abused the subject children, and (2) an order of disposition of the same court dated August 30, 2012.
Ordered that the appeal from the order of disposition is dismissed, without costs or disbursements; and it is further,
Ordered that the order of fact-finding is affirmed, without costs or disbursements.
The appeal from the order of disposition must be dismissed, as the maternal stepgrandfather is not aggrieved by the order of disposition since it did not address or dispose of any portion of the proceedings commenced against him (see Family Ct Act § 1112 [a]; Matter of Unique R., 43 AD3d 446, 446-447 [2007]; Matter of Darlene L., 38 AD3d 552, 553 [2007]; Matter of Desiree C., 7 AD3d 522, 523 [2004]).
The Family Court’s determination that the maternal stepgrandfather sexually abused the subject children was supported by a preponderance of the evidence (see Family Ct Act §§ 1012 [e], [g]; 1046 [b] [i]; Matter of Kassandra V. [Sylvia L.], 90 AD3d 940, 941 [2011]). “It is well established that the out- *770 of-court statements of siblings may properly be used to cross-corroborate one another” (Matter of Tristan R., 63 AD3d 1075, 1076 [2009] [internal quotation marks omitted]; see Matter of Adreanna M. [Kety M.], 95 AD3d 1213, 1214 [2012]; Matter of Madison H., 66 AD3d 898, 898 [2009]; Matter of Candace S., 38 AD3d 786, 787 [2007]). Here, the evidence presented at the fact-finding hearing established that, in May 2011, then-10-year-old Naziya D. and 3-year-old Jada A. made independent and consistent out-of-court statements to several individuals describing similar incidents of sexual abuse by the maternal stepgrandfather. Further, the children’s statements were corroborated by the petitioner’s progress notes and the mother’s testimony as to the children’s statements (see Matter of Charlie S. [Rong S.], 82 AD3d 1248, 1249 [2011]).
Additionally, where, as here, the Family Court is primarily confronted with issues of credibility, its findings must be accorded deference on appeal, as they were supported by the record (see Matter of Kayla R. [Corey R.], 95 AD3d 1021, 1022 [2012]; Matter of Andrew B. [Deborah B.], 73 AD3d 1036, 1036 [2010]; Matter of Aminat O., 20 AD3d 480, 481 [2005]).
The Family Court, upon a finding of abuse pursuant to Family Court Act § 1012 (e), must make a further finding of the specific sex offenses that were committed, as defined in Penal Law article 130 (see Family Ct Act § 1051 [e]). Even if the Family Court fails to make such a finding, this Court can make the finding that the Family Court should have made (see Matter of New York City Dept. of Social Servs. v Elena A., 194 AD2d 608, 609-610 [1993]; see also Matter of Sheena D., 27 AD3d 1128, 1129 [2006]; Matter of Amber VV., 22 AD3d 967, 968 [2005]). Accordingly, we find, based on the children’s statements and the testimony of the mother, that the maternal stepgrandfather committed offenses against the children as defined in and prohibited by Penal Law §§ 130.52, 130.55, 130.60, 130.65 and 130.80.
The maternal stepgrandfather’s remaining contention is without merit. Dickerson, J.P, Chambers, Austin and Sgroi, JJ., concur.