Matter of Kristina S. (Michael S.) (2018 NY Slip Op 02370)





Matter of Kristina S. (Michael S.)


2018 NY Slip Op 02370


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

523153

[*1]In the Matter of KRISTINA S. and Others, Alleged to be Abused and/or Neglected Children. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL S., Appellant.

Calendar Date: February 22, 2018

Before: Garry, P.J., McCarthy, Devine, Mulvey and Rumsey, JJ.


Pamela B. Bleiwas, Ithaca, for appellant.
L. Crary Myers, Chemung County Department of Social Services, Elmira, for respondent.
Susan B. McNeil, Ithaca, attorney for the children.




MEMORANDUM AND ORDER 
Rumsey
, J.
Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered May 12, 2016, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused and/or neglected.
In April 2014, petitioner commenced this proceeding alleging that respondent had abused and/or neglected his four
children and his niece, for whose care he was responsible. Among other things, petitioner alleged that respondent had sexually abused his two oldest daughters and his niece. At the fact-finding hearing held in February 2016, the primary evidence of abuse and neglect consisted of out-of-court statements made by these three girls, specifically, written statements that each had separately provided to police officers and video recordings of interviews of each child that were conducted by police officers. Following the fact-finding hearing, Family Court found that respondent had abused and/or neglected all five children. After a dispositional hearing that was held in March 2016, the court entered an order placing respondent under petitioner's supervision for one year and entered an order of protection requiring respondent to stay away from the [*2]children for one year. Respondent appeals.
The only argument that respondent raises on appeal is that the out-of-court statements made by the two oldest daughters and the niece were not sufficiently corroborated. "[P]revious statements made by [a] child relating to allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect" (Family Ct Act § 1046 [a] [vi]). "A relatively low degree of corroborative evidence is sufficient to meet this threshold, and the reliability of the corroboration, as well as issues of credibility, are matters entrusted to the sound discretion of Family Court and will not be disturbed if they are supported by a sound and substantial basis in the record" (Matter of Jakob Z. [Matthew Z.—Mare AA.], 156 AD3d 1170, 1171 [2017] [internal quotation marks and citations omitted]).
Family Court's determination that the out-of-court statements were sufficiently corroborated is supported by a sound and substantial basis in the record. The two daughters at issue and the niece each testified, under oath, at the fact-finding hearing that all of the allegations made in their respective written statements and recorded interviews were true, and each was subject to cross-examination (see Matter of Christina F., 74 NY2d 532, 537 [1989]). The video recordings of the interviews were viewed at the fact-finding hearing, allowing Family Court to evaluate the three girls' demeanor as each spoke about the incidents of abuse by respondent, and it found that the younger daughter and the niece were compelling witnesses who presented authentic and credible accounts of their experiences (see id.; Matter of Ian H., 42 AD3d 701, 703 [2007], lv denied 9 NY3d 814 [2007]). The independent statements made by the younger daughter and the niece are further corroborated by the fact that they contain consistent details regarding the same incidents (see Matter of Dylan R. [Jeremy T.], 137 AD3d 1492, 1494 [2016], lv denied 27 NY3d 912 [2016]; Matter of Ian H., 42 AD3d at 703). Finally, testimony of adult witnesses confirmed information contained in the three girls' accounts, for example, the name of respondent's friend, whom the girls said interrupted one incident of abuse when he made an unplanned visit to their home. Further, respondent's paramour, who shared a home with respondent and all five children, confirmed that she was absent from the home and hospitalized during the time period when one of the incidents of abuse occurred.
Garry, P.J., McCarthy, Devine and Mulvey, JJ., concur.
ORDERED that the order is affirmed, without costs.