■ In the Matter of ARIEL B. and Another, Children Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTINE C., Appellant, et al., Respondent. [924 NYS2d 199]—

Lahtinen, J. Appeal from an order of the Family Court of Broome County (Lambert, J.), entered December 3, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected by respondent Christine C.

Respondents Christine C. (hereinafter the mother) and Raymond B. (hereinafter the father) are the parents of two daughters (born in 2001 and 2004). Petitioner commenced this neglect proceeding alleging as to the mother, among other things, that she bit the older child's arm causing swelling and leaving a bite mark, engaged in various uncontrolled bursts of anger and acts of domestic violence in the children's presence, and ceased treatment for her mental health problems resulting in a variety of actions exhibiting an inability to care for the children. The children were permitted to reside with the father, and the petition as to him was eventually dismissed. Following a fact-finding hearing, Family Court rendered a thorough written decision finding that the children were neglected by the mother. A dispositional order entered upon consent set forth a variety of conditions and permitted the mother to have supervised visitation. The mother appeals from the fact-finding order, contending that petitioner failed to establish neglect.

We affirm. Petitioner in this neglect proceeding had the burden of proving by a preponderance of the evidence "first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and

second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). The father and a caseworker testified that the mother stopped taking medicine for her mental illness and that thereafter her erratic and violent behavior intensified. Evidence at the hearing included proof that the mother, in anger, bit the older child leaving a mark that was visible to a caseworker who visited later that day. She also bit the father in the presence of the older child, which caused the child distress. Upset with a mess in the children's room, the mother threw a table downstairs, where the children were located. On another occasion she placed her hand around the older child's throat, scaring the child. As described by Family Court, she "routinely exhibited fits of anger in the presence of the children." There was proof of repeated incidents of domestic violence perpetuated by the mother, many of which occurred in the presence of the children. Petitioner's proof at the hearing, together with the adverse inference permitted by the mother's decision not to testify (*see Matter of Rebecca FF. [David FF.]*, 81 AD3d 1119, 1120 [2011]; *Matter of Anthony TT. [Philip TT.]*, 80 AD3d 901, 903 [2011]), provided ample evidence to support Family Court's determination (*see Matter of Xavier II.*, 58 AD3d 898, 899-900 [2009]; *Matter of Senator NN.*, 11 AD3d 771, 772-773 [2004]).

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.