*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 31, 2016                518174
_____

In the Matter of DYLAN R. and
    Others, Alleged to be Abused
    and Neglected Children.

CLINTON COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                      MEMORANDUM AND ORDER
                        Respondent;

JEREMY T.,
                        Appellant.
_____

Calendar Date:  February 10, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Clark, JJ.

_____

        Diane Webster Brady, Plattsburgh, for appellant.

        Thomas H. Webb III, Clinton County Department of Social
Services, Plattsburgh, for respondent.

        Matthew Douthat, Plattsburgh, attorney for the children.

        Kristofer Michaud, Plattsburgh, attorney for the children.

_____

Devine, J.

        Appeals from two orders of the Supreme Court (Lawliss, J.),
entered December 17, 2013 and April 2, 2014 in Clinton County,
which granted petitioner's application, in a proceeding pursuant
to Family Ct Act article 10, to adjudicate respondent's children
and stepchildren to be abused and neglected.

Respondent is the biological father of two boys (born in 2010 and 2011) and the stepfather of two boys (born in 1997 and 1999). All four children resided with respondent and their mother, respondent's wife, during the relevant period. The stepchildren had previously been sexually abused by a relative and, in August 2013, concerns arose that they were engaging in sexually inappropriate behavior with one another. The stepchildren were interviewed by law enforcement and child protective officials and denied voluntarily engaging in sexual acts with each other. They did reveal, however, that respondent had forced them to engage in sexual activity and had sexually abused them in 2010.

Petitioner thereafter commenced this proceeding pursuant to Family Ct Act article 10, alleging that respondent had abused and neglected the four children. The proceeding was transferred from Family Court to Supreme Court, which conducted a fact-finding hearing. At the conclusion of the hearing, Supreme Court found that respondent had abused and neglected the stepchildren, and that he had derivatively abused and neglected his biological children. An order was issued to that effect, followed by an order determining that the safety and well-being of all the children had been provided for by other means and that no dispositional directives were necessary. Respondent now appeals from both orders.

We affirm. Petitioner bore the burden of establishing by a preponderance of the evidence that respondent abused and neglected the children (see Matter of Tiarra D. [Philip C.], 124 AD3d 973, 974 [2015]). The primary evidence of the abuse and neglect consisted of "out-of-court statements made by [the stepchildren], and such evidence is subject to a corroboration requirement" (Matter of Destiny C. [Goliath C.], 127 AD3d 1510, 1511 [2015], lvs denied 25 NY3d 911 [2015]; see Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112, 124 [1987]). "A relatively low degree of corroboration is required" (Matter of Rawich v Amanda K., 90 AD3d 1085, 1087 [2011]), however, and "independent statements [by children] requiring corroboration may corroborate each other" (Matter of Nicole V., 71 NY2d at 124; see Matter of Ian H., 42 AD3d 701, 703 [2007], lv denied 9 NY3d 814 [2007]).

Supreme Court heard the testimony of two individuals who, on behalf of the State Police and petitioner, interviewed the stepchildren. The stepchildren were interviewed separately, and the testimony reveals that they were consistent in making specific allegations of sexual abuse. The stepchildren told the investigators that they had not voluntarily engaged in sexual activity, and that the older stepson had only admitted to doing so because respondent had badgered him at a family meeting with their mother. Rather, the stepchildren agreed that respondent had forced them to perform oral and anal sex acts on each other while he watched and described how he had coached them to perform those acts. The stepchildren also agreed that the younger stepchild had been forced to perform oral sex on respondent in the presence of the older stepchild. They further stated that respondent showed them pornography, and respondent acknowledged to investigators and others that he had shown the older stepchild pornography.

We are cognizant that "the reliability of the corroboration, as well as issues of credibility, are matters entrusted to the sound discretion of" Supreme Court (Matter of Justin CC. [Tina CC.], 77 AD3d 1056, 1057 [2010], lv denied 16 NY3d 702 [2011]; see Matter of Tiarra D. [Philip C.], 124 AD3d at 974). Supreme Court did not abuse its discretion in finding that the consistent statements of the stepchildren corroborated each other, particularly in light of the admissions made by respondent that he exposed one of the stepchildren to pornography (see Matter of Nicole V., 71 NY2d at 124; Matter of Justin A. [Derek C.], 133 AD3d 1106, 1108 [2015]) and the inference drawn against respondent as a result of his failure to testify at the fact-finding hearing (see Matter of Ian H., 42 AD3d at 703).[1] Therefore, after giving due deference to Supreme Court's credibility determinations, a sound and substantial basis in the record supports its findings that respondent abused and neglected

---

[1] Respondent argues that Supreme Court erred in drawing a negative inference against him but, inasmuch as he failed to object when the attorney for the stepchildren requested that the inference be drawn, the issue is unpreserved for our review (see Matter of Keara MM. [Naomi MM.], 84 AD3d 1442, 1444 [2011]).

the stepchildren (see Family Ct Act § 1012 [e], [f]; Matter of Destiny C. [Goliath C.], 127 AD3d at 1511-1512; Matter of Tiarra D. [Philip C.], 124 AD3d at 974-975).  Inasmuch as "respondent's repeated sexual abuse of [the stepchildren] demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in his care, we [also] find no reason to disturb the court's determination that he derivatively abused and neglected the other" children (Matter of Ramsey H. [Benjamin K.], 99 AD3d 1040, 1042 [2012], lv denied 20 NY3d 858 [2013] [internal quotation marks, brackets and citations omitted]).

Respondent further contends that he received the ineffective assistance of counsel and, insofar as his contentions relate to matters in the record, they primarily involve counsel advising him not to testify and failing to call the stepchildren to testify.  With regard to the former, "the decision not to have respondent testify certainly can be viewed as strategic in nature" (Matter of Christopher W., 42 AD3d 692, 693 [2007]).  With regard to the latter, counsel in no way ignored the import of the stepchildren's statements and, rather than risk placing the stepchildren on the stand, counsel challenged their credibility by vigorously cross-examining the investigators who had interviewed them and probing for inconsistencies in their statements.  In short, when viewing counsel's performance in its totality, and noting the absence of any alleged prejudice flowing from that performance, we have no difficulty concluding that respondent received meaningful representation (see Matter of Julian P. [Colleen Q.], 129 AD3d 1222, 1224-1225 [2015]; Matter of Daniel BB., 26 AD3d 687, 689 [2006]).

Respondent's remaining contentions, to the extent that they are properly before us, have been examined and found to be lacking in merit.

Peters, P.J., Garry, Rose and Clark, JJ., concur.

ORDERED that the orders are affirmed, without costs.


                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court