# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**639**
**CAF 15-01654**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF BROOKLYN S.
-------------------------------------------
ONONDAGA COUNTY DEPARTMENT OF CHILDREN
AND FAMILY SERVICES, PETITIONER-RESPONDENT;

                                            MEMORANDUM AND ORDER
STAFANIA Q., RESPONDENT,
AND DEVIN S., RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR RESPONDENT-APPELLANT.

ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (CATHERINE Z. GILMORE OF
COUNSEL), FOR PETITIONER-RESPONDENT.

ELIZABETH SCHENCK, ATTORNEY FOR THE CHILD, SYRACUSE.

---

Appeal from an order of the Family Court, Onondaga County
(Michele Pirro Bailey, J.), entered September 4, 2015 in a proceeding
pursuant to Family Court Act article 10. The order, inter alia,
determined that respondent Devin S. neglected the subject child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order adjudging
that he neglected his child pursuant to Family Court Act article 10.
Contrary to the father's contention, Family Court's finding that he
neglected his child is supported by a preponderance of the evidence
(*see* Family Ct Act § 1046 [b] [i]). According to the undisputed
evidence, the father abused illicit substances, including heroin.
Generally, such evidence would constitute "prima facie evidence that a
child of or who is the legal responsibility of [the father] is a
neglected child" (§ 1046 [a] [iii]). A parent may, however, rebut the
presumption of neglect where the parent establishes that he or she
"is voluntarily and *regularly* participating in a recognized
rehabilitative program" (*id.* [emphasis added]). "[T]he issue of
whether [a parent] was 'voluntarily and regularly participating' in [a
treatment] program is a factual one" (*Matter of Keira O.*, 44 AD3d 668,
670). Here, although the evidence established that the father had
voluntarily begun a rehabilitative treatment program, "the evidence
does not support a finding that [he] was . . . regularly participating
in [that] program" (*Matter of Luis B.*, 302 AD2d 379, 379). Rather,
the evidence established that he attended only a third of his
appointments. Moreover, as the court correctly found, the fact that

the father "tested positive for drug use while participating in the program . . . establish[es] imminent risk to the child[ ]'s physical, mental and emotional condition" (*Matter of Messiah T. [Karen S.]*, 94 AD3d 566, 566; *see Matter of Brandon R. [James U.]*, 114 AD3d 1028, 1029; *see generally Keira O.*, 44 AD3d at 670).

In addition, the finding of neglect is supported by evidence that "the father was aware of the mother's drug use during the time when she was responsible for the child's care, and that he failed to intervene" (*Matter of Sadiq H. [Karl H.]*, 81 AD3d 647, 648). The child, who was born with a positive toxicology for opiates, remained hospitalized for "neonatal abstinence syndrome." During that time, the child was to be weaned off the opiates by morphine management. Despite medical intervention, however, the child's condition worsened, causing medical professionals to suspect that the mother, who was breastfeeding the child, was still using illicit substances. A sample of the mother's breast milk tested positive for morphine, codeine, and heroin metabolites. When presented with the results of the testing, the father admitted that the mother had "gone on a bender" the weekend before. Inasmuch as a finding of neglect has been supported where a mother has been observed breastfeeding a child while having a high blood alcohol level (*see Matter of Maranda LaP.*, 23 AD3d 221, 222; *Matter of W. H.*, 158 Misc 2d 788, 790), we conclude that the father's failure to intervene to prevent the mother from nursing the child is further evidence of neglect (*see Sadiq H.*, 81 AD3d at 648).

The father further contends that the court erred in admitting in evidence hospital records that allegedly contained inadmissible hearsay and in permitting a witness to testify based on that inadmissible hearsay. The father's objection to the testimonial evidence was sustained, and the father did not make any further hearsay objections. We thus conclude that he did not preserve his contention that any additional testimony from that witness constituted inadmissible hearsay (*see Matter of Britiny U. [Tara S.]*, 124 AD3d 964, 965). Moreover, the hospital records were admitted without objection, and thus any challenge to the admission of those records is not preserved for our review (*see Matter of Cory S. [Terry W.]*, 70 AD3d 1321, 1322). In any event, even if the court erred in admitting the alleged hearsay evidence, we conclude that the error is harmless inasmuch as "the record otherwise contains ample evidence supporting [the] [c]ourt's determination" (*Matter of Kenneth C. [Terri C.]*, 145 AD3d 1612, 1612; *see Matter of Bentleigh O. [Jacqueline O.]*, 125 AD3d 1402, 1403, *lv denied* 25 NY3d 907).

Entered:  May 5, 2017                    Frances E. Cafarell
                                         Clerk of the Court