Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered April 14, 2016 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, found that respondent-appellant had neglected the subject children.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Respondent mother, Logan D., appeals from an order adjudging the two subject children to be neglected by virtue of her drug use. Preliminarily, and contrary to the contention of the Attorney for the Children, this appeal was not rendered moot by the subsequent entry of a consent order that granted custody of the children to the maternal grandmother. “[T]he finding of neglect constitutes a permanent and significant stigma that might indirectly affect the mother’s status in future proceedings” (Matter of Tyler W. [Stacey S.], 121 AD3d 1572, 1572 [2014] [internal quotation marks omitted]; see Matter of Jamiar W. [Malipeng W.], 84 AD3d 1386, 1386-1387 [2011]).
 

 On the merits, we conclude that Family Court’s finding of neglect is supported by the requisite preponderance of the evidence. “[P]roof that a person repeatedly misuses . . . drugs ... to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of or who is the legal responsibility of such person is a neglected child except that such drug . . . misuse shall not be prima facie evidence of neglect when such person is voluntarily and regularly participating in a recognized rehabilitative program” (Family Ct Act § 1046 [a] [iii]; see Matter of Nikita A., 16 AD3d 736, 737 [2005]). Here, by submitting overwhelming evidence of the mother’s repeated misuse of cocaine and heroin, petitioner “established a prima facie case of neglect pursuant to Family Court Act § 1046 (a) (iii) and, therefore, neither actual impairment of the child [ren’s] physical, mental, or emotional condition nor specific risk of impairment need be established” (Matter of Sadiq H. [Karl H.], 81 AD3d 647, 647 [2011] [internal quotation marks, brackets, and citations omitted]; see Matter of Jonathan E. [John E.], 149 AD3d 1197, 1199 [2017]). “To the extent that the presumption set forth in Family Court Act § 1046 (a) (iii) may not have been the basis for the court’s finding of neglect, . . . we are not precluded from affirming the order based on that presumption inasmuch as the authority of this Court to review the facts is as broad as that of Family Court” (Matter of Anthony L. [Lisa R], 144 AD3d 1690, 1692 [2016], Iv denied 28 NY3d 914 [2017] [internal quotation marks omitted]).
 

 Contrary to the mother’s contention, petitioner was not obligated to present additional specific evidence to establish the common-sense proposition that repeated, multi-year abuse of cocaine and heroin “would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality” (Family Ct Act § 1046 [a] [iii] [emphasis added]; see generally Judd v Lake Shore & Michigan S. Ry. Co., 155 App Div 1, 4-5 [1913], affd 214 NY 622 [1915]).
 

 We reject the mother’s further contention that the presumption of neglect embodied in Family Court Act § 1046 (a) (iii) was inapplicable given her purported “participation] in a recognized rehabilitative program.” Even assuming, arguendo, that the methadone replacement program in which the mother was enrolled constitutes a “recognized rehabilitative program” within the meaning of section 1046 (a) (iii), her 18 separate positive drug tests and admitted continued drug use while enrolled in this program established that she was not “voluntarily and regularly participating” therein (see Matter of Brooklyn S. [Stafania Q. — Devin S.], 150 AD3d 1698, 1699 [2017], Iv denied 29 NY3d 919 [2017]; see generally Matter of Keira O., 44 AD3d 668, 670 [2007]).
 

 In light of our determination, the mother’s remaining contentions are academic.
 

 Present — Centra, J.P., Peradotto, NeMoyer, Troutman and Winslow, JJ.