Clark, J.
 

 Appeal from an order of the Family Court of Albany County (M. Walsh, J.), entered December 2, 2015, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused and neglected.
 

 Respondent is, as relevant here, the father of a daughter (born in 1997) and two sons (born in 1999 and 2003). In December 2014, following the daughter’s disclosure of sexual abuse to a rape crisis hotline and petitioner’s subsequent investigation, petitioner commenced this Family Ct Act article 10 proceeding alleging that respondent had sexually abused the daughter and had an untreated alcohol and/or substance abuse problem that impaired his ability to care for the children. After a fact-finding hearing, Family Court found, among other things, that respondent abused and neglected the daughter and neglected and derivatively abused the sons. Respondent appeals.
 

 Respondent contends that Family Court’s findings of abuse and neglect were not established by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), arguing that the daughter’s out-of-court statements were not sufficiently corroborated and that her testimony was not credible. We disagree. A child’s prior out-of-court allegations of abuse or ne-gleet are admissible in evidence if such statements are sufficiently corroborated by other evidence tending to establish their reliability (see Family Ct Act § 1046 [a] [vi]; Matter of Dylan R. [Jeremy T.], 137 AD3d 1492, 1493 [2016], lv denied 27 NY3d 912 [2016]; Matter ofTelsa Z. [Rickey Z. — Denise Z.], 71 AD3d 1246, 1249 [2010]). “A relatively low degree of corroborative evidence is sufficient to meet this threshold, and the reliability of the corroboration, as well as issues of credibility, are matters entrusted to the sound discretion of Family Court and will not be disturbed unless clearly unsupported by the record” (Matter of Justin CC. [Tina CC.], 77 AD3d 1056, 1057 [2010] [citations omitted], lv denied 16 NY3d 702 [2011]; see Matter of Lori DD. v Shawn EE., 100 AD3d 1305, 1306 [2012]; Matter of Branden P. [Corey P.], 90 AD3d 1186, 1188-1189 [2011]).
 

 At the fact-finding hearing, petitioner’s caseworker recounted out-of-court statements made by the daughter during an interview shortly after the daughter disclosed respondent’s sexual abuse to a rape crisis hotline. The caseworker testified that the daughter became “hysterical” when the disclosure was raised, acknowledged that she made the report and provided detailed accounts of three occasions when respondent subjected, or attempted to subject, her to sexual contact, including an occasion when he forced her to have sexual intercourse with him. These out-of-court statements were sufficiently corroborated by the daughter’s sworn testimony, which was consistent in all material respects with the caseworker’s testimony and “wholly credit [ed]” by Family Court (see Matter of Christina F, 74 NY2d 532, 535 [1989]; Matter of Branden P. [Corey P.], 90 AD3d at 1189; Matter of Telsa Z. [Rickey Z. — Denise Z.], 71 AD3d at 1250). According deference to Family Court’s credibility assessments (see Matter of Kimberly CC. v Gerry CC., 86 AD3d 728, 731 [2011]), and considering the negative inference that Family Court permissibly drew against respondent for his failure to testify (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]; Matter of Aaliyah B. [Clarence B.], 68 AD3d 1483, 1485 [2009]), we find a sound and substantial basis in the record to support Family Court’s determination that respondent abused and neglected the daughter by subjecting her, or attempting to subject her, to sexual contact (see Matter of Dylan R. [Jeremy T.], 137 AD3d at 1494; Matter of Justin CC. [Tina CC.], 77 AD3d at 1057; Matter of Telsa Z. [Rickey Z. — Denise Z.], 71 AD3d at 1250). We further find a sound and substantial basis in the record to support Family Court’s conclusion that respondent’s repeated sexual abuse of the daughter demonstrates such an impaired level of parental judgment so as to place the sons at a substantial risk of harm while in his care and, thus, uphold the finding that respondent derivatively abused them (see Matter of Joanne II. [Thomas II.], 100 AD3d 1204, 1205-1206 [2012]; Matter of Ramsey H. [Benjamin K], 99 AD3d 1040, 1042 [2012], lv denied 20 NY3d 858 [2013]).
 

 We also find ample support for Family Court’s determination that respondent neglected the children by misusing or abusing alcoholic beverages in their presence. Proof that a parent repeatedly abuses alcohol will establish a prima facie case of neglect, except “when such person is voluntarily and regularly participating in a recognized rehabilitative program” (Family Ct Act § 1046 [a] [iii]; see Family Ct Act § 1012 [f] [i] [B]; Matter of Jonathan E. [John E.], 149 AD3d 1197, 1199 [2017]). Once the petitioner proves that the parent has repeatedly abused alcohol, thereby giving rise to a presumption of neglect, “there is no required showing of specific parental conduct vis-á-vis the children] and neither actual impairment nor specific risk of impairment need be established” (Matter of Jonathan E. [John E.], 149 AD3d at 1199 [internal quotation marks and citations omitted]; see Matter of Jillian B. [Brad D.], 133 AD3d 1131, 1132 [2015]; Matter of William T., 185 AD2d 413, 414 [1992]).
 

 As credited by Family Court, the caseworker testified that all three children stated that they had observed respondent drink alcohol, that respondent had admitted to the police and another caseworker that he drank roughly six beers a day and that respondent told her that he had quit drinking since the daughter’s report of sexual abuse. The children’s out-of-court statements were corroborated by each other (see Matter of Annarae I. [Jennifer K.], 148 AD3d 1243, 1246 [2017], lv denied 29 NY3d 909 [2017]; Matter of Amber DD., 26 AD3d 689, 690 [2006]), as well as respondent’s out-of-court statements and the daughter’s sworn testimony (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d at 79). In particular, the daughter testified that respondent was under the influence of alcohol nearly every day and that respondent’s drinking, in part, caused her to experience periods of depression and anxiety. The daughter further testified that she believed respondent to have been under the influence of alcohol when he forced her to engage in sexual intercourse and that she had observed respondent drive a vehicle in which one of the sons was a passenger after consuming alcohol. Together, this evidence established a prima facie case that respondent had neglected the children by misusing or abusing alcohol (see Family Ct Act § 1046 [a] [iii]; Matter of Jonathan E. [John E.], 149 AD3d at 1199). While respondent’s older daughter, who was not a subject of this proceeding and lived in a different state for several years, testified that she had not observed respondent drink alcohol since she was younger, such testimony was insufficient to rebut the presumption of neglect. Accordingly, as Family Court’s finding of neglect is supported by a sound and substantial basis in the record, we will not disturb it (see Matter of Chassidy CC. [Andrew CC.], 84 AD3d 1448, 1449-1450 [2011]).
 

 To the extent that we have not expressly addressed any of respondent’s contentions, they have been examined and found to be without merit.
 

 McCarthy, J.P., Garry, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.