Matter of Jack S. (Leah S.) (2019 NY Slip Op 05288)





Matter of Jack S. (Leah S.)


2019 NY Slip Op 05288


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


656 CAF 18-00184

[*1]IN THE MATTER OF JACK S. AND MARLEY S. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; LEAH S., RESPONDENT, AND FRANKLIN O.S., III, RESPONDENT-APPELLANT.






EVELYNE A. O'SULLIVAN, EAST AMHERST, FOR RESPONDENT-APPELLANT. 
NICHOLAS G. LOCICERO, BUFFALO, FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered January 9, 2018 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondents had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this Family Court Act article 10 proceeding, respondent father appeals from a "Corrected Order" that, inter alia, determined that he neglected the subject children pursuant to section 1012 (f) (i) (B). Initially, as the father contends and petitioner correctly concedes, "[t]he fact that the father is not aggrieved by the dispositional portion of the order [because he waived his right to a dispositional hearing and consented to the disposition] does not bar his appeal from that part of the order with respect to the finding of neglect, which followed a fact-finding hearing" (Matter of Hailey W., 42 AD3d 943, 943 [4th Dept 2007], lv denied 9 NY3d 812 [2007]; see Matter of Amiracle R. [Elizabeth H.], 169 AD3d 1453, 1453 [4th Dept 2019]; see e.g. Matter of Ariel B. [Christine C.], 85 AD3d 1224, 1224 [3d Dept 2011]).
Contrary to the father's contention, however, a preponderance of the evidence establishes that he neglected the children (see generally Matter of Kenneth C. [Terri C.], 145 AD3d 1612, 1612 [4th Dept 2016], lv denied 29 NY3d 905 [2017]). We further reject the father's contention that petitioner was required to establish a nexus between his drug use and the imminent danger of impairment of the children's physical, mental or emotional condition. Family Court Act § 1012 (f) (i) (B) provides in relevant part that a neglected child includes a child whose physical, mental or emotional condition has been impaired or is in imminent danger of being impaired as a result of his or her parent's failure to exercise a minimum degree of care in providing the child with proper supervision or guardianship by "repeatedly misus[ing] a drug or drugs." "Section 1046 (a) (iii) . . . creates a presumption of neglect if the parent chronically and persistently misuses alcohol and drugs which, in turn, substantially impairs his or her judgment while [the] child[ren are] entrusted to his or her care . . . That presumption operates to eliminate a requirement of specific parental conduct vis-à-vis the child[ren] and neither actual impairment nor specific risk of impairment need be established" (Matter of Timothy B. [Paul K.], 138 AD3d 1460, 1461 [4th Dept 2016], lv denied 28 NY3d 908 [2016] [internal quotation marks omitted]; see Kenneth C., 145 AD3d at 1613). "Th[at] presumption is not rebutted by a showing that the children were never in danger and were always well kept, clean, well fed and not at risk' " (Matter of Arthur S. [Rose S.], 68 AD3d 1123, 1124 [2d Dept 2009]).
Here, we conclude that petitioner established at the fact-finding hearing a presumption of neglect pursuant to Family Court Act § 1046 (a) (iii) by presenting evidence of the father's misuse of illegal drugs. In particular, there was evidence, credited by Family Court, that the [*2]father had used cocaine nearly non-stop for the week preceding the removal of the children, that he admitted being addicted to drugs, that respondent mother called the police who arrived while the father was in the midst of injecting cocaine, and that dozens of hypodermic needles were found in respondents' house. It is well settled that "the trial court's findings of fact are accorded deference and will not be disturbed unless they lack a sound and substantial basis in the record' " (Matter of Jeromy J. [Latanya J.], 122 AD3d 1398, 1398-1399 [4th Dept 2014], lv denied 25 NY3d 901 [2015]), which is not the case here. In addition, the court "properly drew the strongest possible negative inference against the father after he failed to testify at the fact-finding hearing" (Matter of Brittany W. [Patrick W.], 103 AD3d 1217, 1218 [4th Dept 2013] [internal quotation marks omitted]; see Matter of Rashawn J. [Veronica H.-B.], 159 AD3d 1436, 1437 [4th Dept 2018]).
Contrary to the father's further contention, the presumption of neglect was not rebutted inasmuch as the evidence does not establish that he "is voluntarily and regularly participating in a recognized rehabilitative program" (Matter of Brooklyn S. [Stafania Q.—Devin S.], 150 AD3d 1698, 1698-1699 [4th Dept 2017], lv denied 29 NY3d 919 [2017] [internal quotation marks omitted]). Here, although there was evidence that, if credited, suggested that the father had enrolled in a treatment program at some prior time, "the evidence does not support a finding that [he] was . . . regularly participating in [that] program" (Matter of Luis B., 302 AD2d 379, 379 [2d Dept 2003]; see Brooklyn S., 150 AD3d at 1699). Indeed, the record contains significant evidence establishing that he continued using drugs (see Matter of Carter B. [Logan D.], 154 AD3d 1323, 1325 [4th Dept 2017], lv denied 30 NY3d 910 [2018]).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court