Matter of Lawson O. (Andrew O.) (2019 NY Slip Op 07449)





Matter of Lawson O. (Andrew O.)


2019 NY Slip Op 07449


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

525645

[*1]In the Matter of Lawson O. and Others, Alleged to be Abused and Neglected Children. Schuyler County Department of Social Services, Respondent; Andrew O., Appellant.

Calendar Date: September 11, 2019

Before: Egan Jr., J.P., Lynch, Mulvey and Devine, JJ.


Dana L. Salazar, East Greenbush, for appellant.
Steven J. Getman, County Attorney, Watkins Glen, for respondent.
Pamela B. Bleiwas, Ithaca, attorney for the children.



Egan Jr., J.P.
Appeal from an order of the Family Court of Schuyler County (Morris, J.), entered September 12, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused and neglected.
Respondent is, as relevant here, the father of a daughter (born in 2011) and two sons (born in 2007 and 2014). From 2006 through approximately September 2015, respondent and the mother of the subject children resided together and jointly raised the children in Schuyler County. In September 2015, the mother left the family's shared residence and, in October 2015, respondent and the mother entered into a stipulation providing respondent with primary physical placement of the children, with he and the mother sharing joint legal custody. Thereafter, in January 2016, petitioner received a Child Protective Services hotline report alleging that respondent had sexually abused his daughter. Based on the hotline report and the ensuing investigation, a safety plan was implemented whereby the subject children were to live with the mother and the maternal grandmother, and respondent was to have no contact with the children pending completion of the investigation.
In December 2016, following completion of its investigation, petitioner commenced this Family Ct Act article 10 proceeding alleging that respondent had abused his daughter, had derivatively abused his two sons and had neglected all three of the children.[FN1] Following a fact-finding hearing, Family Court determined, among other things, that the daughter's out-of-court statements regarding the alleged sexual abuse were sufficiently corroborated and found that respondent had abused the daughter, derivatively abused the two sons and neglected all three of the children.[FN2] Respondent appeals.
Respondent's sole contention on appeal is that Family Court's finding of abuse against the daughter was not adequately established by a preponderance of the evidence inasmuch as the daughter's out-of-court statements regarding being sexually abused by respondent were not sufficiently corroborated. We disagree. "Petitioner bore the burden of establishing by a preponderance of the evidence that respondent abused and neglected the children" (Matter of Dylan R. [Jeremy T.], 137 AD3d 1492, 1493 [2016] [citation omitted], lv denied 27 NY3d 912 [2016]; see Matter of Lucien HH. [Michelle PP.], 155 AD3d 1347, 1348 [2017]). As relevant here, a child's prior out-of-court statement pertaining to allegations of abuse or neglect are admissible in evidence and where, as here, such statement or statements are the sole basis for Family Court's finding of abuse and/or neglect, they must be "sufficiently corroborated by other evidence tending to establish the[] reliability [of the child's statements]" (Matter of Kylee R. [David R.], 154 AD3d 1089, 1090 [2017], lv denied 30 NY3d 911 [2018]; see Family Ct Act § 1046 [a] [vi]; Matter of Christina F., 74 NY2d 532, 536 [1989]; Matter of Suzanne QQ. v Ben RR., 161 AD3d 1223, 1224 [2018]). Importantly, only a relatively low degree of corroborative evidence is necessary to satisfy this standard, "and the reliability of the corroboration, as well as issues of credibility, are matters entrusted to the sound discretion of Family Court and will not be disturbed unless clearly unsupported by the record" (Matter of Kylee R. [David R.], 154 AD3d at 1090 [internal quotation marks and citations omitted]; see Matter of Dylan R. [Jeremy T.], 137 AD3d at 1494; Heather B. v Daniel B., 125 AD3d 1157, 1158 [2015]; Matter of Kimberly CC. v Gerry CC., 86 AD3d 728, 730 [2011]).
The testimony at the fact-finding hearing established that, during the end of 2015 or early-2016, the daughter, who was then only four years old, was visiting with another of respondent's children (hereinafter the adult daughter) and the adult daughter's family when the adult daughter's boyfriend observed the daughter standing in one of the home's bedrooms with her shirt "picked up" and "her pants pulled down." The adult daughter's son, who was then five years old, was on his knees in front of her reaching for her. The testimony reflects that the daughter was overheard telling the adult daughter's son to "explore" or "put his touch down there" and that the boy claimed that the daughter "had tried biting his penis." The children were immediately separated and, thereafter, the adult daughter spoke with the daughter about the incident and inquired if anybody had ever done that to her, whereupon the daughter "got quiet and started to cry." Upon further questioning, the daughter answered affirmatively to the question of whether respondent "touch[ed] [her] down there" and later stated that "daddy put his penis in her mouth." Additionally, during a subsequent interview with a caseworker for the Steuben County Department of Social Services, the daughter reiterated her underlying claim, telling the caseworker that "dad puts his peepee in my mouth."
Although "the mere repetition of an accusation does not, by itself, provide sufficient corroboration," evidence that respondent has abused another child can provide the requisite corroboration (Matter of Cory O. v Katie P., 162 AD3d 1136, 1137 [2018]; see Family Ct Act § 1046 [a] [i], [vi]; Matter of Olivia C. [Scott E.], 97 AD3d 910, 912 [2012], lv denied 19 NY3d 814 [2012]). Here, the adult daughter testified that, when she was younger, she too had been sexually abused by respondent in a similar manner and, although she later confronted respondent about this abuse, she refused to leave her own children alone with him. Further, an investigator with the Schuyler County Sheriff's Department testified that, in December 1993, respondent was arrested and charged with sexual abuse in the first degree involving allegations that he had molested his niece. Although there is no record indicating that he was ever convicted of said charge, respondent admitted at the fact-finding hearing that he spent eight or nine months in jail stemming from that sexual abuse charge. Additionally, the boyfriend's observations, when coupled with the daughter's statement to the adult daughter regarding the incident with the adult daughter's son, provided further corroboration insofar as such evidence demonstrated an "age-inappropriate knowledge of sexual conduct" and "specific knowledge of sexual activity" by the daughter (Matter of Briana A., 50 AD3d 1560, 1560 [2008] [internal quotation marks and citations omitted]; see Matter of Kimberly CC. v Gerry CC., 86 AD3d at 730; Matter of Kole HH., 61 AD3d 1049, 1052 [2009], lv dismissed 12 NY3d 898 [2009]). Accordingly, giving the appropriate deference to Family Court's factual findings and credibility determinations, we find that, on the record before us, the daughter's statement regarding respondent's abuse was sufficiently corroborated, and a sound and substantial basis exists in the record to support Family Court's finding that respondent abused the daughter (see Matter of Kylee R. [David R.], 154 AD3d at 1090).
Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Petitioner's investigation and ultimate determination to initiate the subject abuse and neglect proceeding was delayed pending resolution of a related criminal investigation by the Schuyler County Sheriff's Department. No criminal charges were ultimately filed against respondent as a result of the underlying sexual abuse allegations involving the daughter.

Footnote 2: Family Court's neglect determination was based upon a determination that respondent had failed to abide by the terms of the safety plan and thereafter engaged the children in concealing his presence at the family's residence, demonstrating his lack of ability to provide appropriate supervision and guardianship of the subject children. On appeal, respondent does not challenge Family Court's finding of neglect and, therefore, any challenge with respect thereto has been abandoned (see Matter of Fiacco v Fiacco, 158 AD3d 1011, 1012 [2018]; Matter of Hempstead v Hyde, 144 AD3d 1438, 1439 n 1 [2016]).